IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

2006 NOV 21  PM 4:28

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | | |
|---|---|---|
| WILLIAM BEESON, | ) | |
|     Plaintiff, | ) | Cause No. |
| | ) | |
| vs. | ) | CLASS ACTION |
| | ) | |
| MED-1 SOLUTIONS, LLC, | ) | Jury Demanded |
|     Defendant. | ) | |

1:06-cv-1694-SEB-VSS

## COMPLAINT

Plaintiff, William Beeson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that defendant's debt collection practices violate the FDCPA, and to recover damages for defendant's violations of the FDCPA and alleges:

### JURISDICTION

1.  This Court has jurisdiction of this matter pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.  Venue is proper in this district because the acts and transactions occurred here, plaintiff resides here and defendant resides and transacts business here.

### PARTIES

3.  Plaintiff, William Beeson ("Beeson"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom defendant attempted to collect a delinquent consumer debt allegedly owed to St. Vincent Carmel Hospital, Inc. for consumer credit account.

4.  Defendant, Med-1 Solutions, LLC ("Med-1"), is an Indiana limited liability company, which acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent

consumer debts in the Southern District of Indiana and was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Beeson.

## INTRODUCTION

5. Ashley Beeson, defendant's daughter, sought treatment at St. Vincent Carmel Hospital on July 15, 2005. Ashley was a co-insured under her father's insurance policy with Anthem Insurance.

6. In order to obtain treatment, defendant executed a <u>Financial Consent/Assignment of Benefits and Release of Information Form</u> ("Consent"). The Consent directs the patient to assign future payment for her medical treatment to her treating physicians or facility from any insurance source that provides reimbursement under a policy of insurance, in this case, Anthem.

7. William Beeson, Ashley's father, was identified on the Consent as the party responsible for payment of any remaining charges.

8. Anthem, pursuant to its policy with Beeson, paid $3,279.70 of the $5,652.06 charges: as is customary with its arrangement with St. Vincent, Anthem wrote-off $1,052.42, thereby leaving a balance of $1,319.94.

9. St. Vincent Carmel Hospital also assessed a late fee charge of $20.00 to the balance.

10. In the fall of 2005, defendant's debt collector or agent demanded that Beeson make payment to pay off the debt or he would be summoned to court and would have to pay additional fees and costs.

11. On December 21, 2005, Med-1 filed a lawsuit against Beeson in the Hamilton County Superior Court No. 5, under Cause No. 29D05-0512-SC-3419 to collect the consumer debt allegedly originally owed to St. Vincent.

2

12. Med-1 filed the lawsuit against Beeson even though Med-1 never paid any consideration for the St. Vincent consumer debt and never received an assignment of such debt, which meant that Med-1 was not the real party in interest at the time it filed the lawsuit against Beeson; that a true copy of Med-1's small claims Complaint filed against Beeson is attached as Exhibit "A" and incorporated by reference herein.

13. Med-1 further made false or misleading representations as to the character, amount or legal status of such consumer debt by adding late fees into the amount due on such debt, establishing a total alleged debt of $1,689.94, including late fees, and then by seeking interest on a balance that included late fees. Med-1's small claims Complaint included the following demand: "Plaintiff demands judgment against the defendant for $1,689.94 plus interest ..."

14. Med-1 violated Indiana law by demanding interest on a consumer debt that included components of late fees since it was improper as a matter of law to charge interest on late fees.

15. All of defendant's collection actions at issue occurred within one year of the date of this Complaint. Moreover, the statements made by defendant in its collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997); *Chauncy v. JDR*, 118 F.3d 516, 519 (7th Cir. 1997); *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996); and *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation of § 1692d of the FDCPA – Harassment and Abuse**

16. Plaintiff adopts and realleges paragraphs 1 through 15.

17. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt, *see* 15 U.S.C. § 1692d.

18.     Defendant, by suing Beeson in its own name in the Hamilton Superior Court on a consumer debt that Med-1 did not own, and did not take a formal assignment on, was a deceptive act, the natural consequence of which was harassing, oppressive and abusive, in violation of § 1692d of the FDCPA.

19.     Defendant also committed a deceptive act by charging interest on a balance that contains a component of late fees, in violation of § 1692d of the FDCPA.

20.     Defendant's violations of § 1692d of the FDCPA render it liable for actual and statutory damages, costs and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k.

## COUNT II
### Violation of § 1692e of the FDCPA – False Statements

21.     Plaintiff adopts and realleges paragraphs 1 through 15.

22.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, *see* 15 U.S.C. § 1692e.

23.     Defendant, by suing Beeson in its own name on a consumer debt it did not own and did not hold an assignment on, made false statements in violation of § 1692e of the FDCPA.

24.     Defendant also committed a deceptive act by charging interest on a balance that contains a component of late fees, in violation of § 1692d of the FDCPA.

25.     Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k.

## COUNT III
### Violation of § 1692f of the FDCPA – Unfair or Unconscionable Collection Actions

26.     Plaintiff adopts and realleges paragraphs 1 through 15.

27. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. *See* 15 U.S.C. § 1692f.

28. Defendant, Med-1, by suing Beeson on a consumer debt it did not own and by demanding interest on a balance that included components of late fees, engaged in unfair and unconscionable conduct in violation of § 1692f of the FDCPA.

29. Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

30. The Plaintiff bring this action individually and as a class action on behalf of all similarly situated United States residents from whom defendant attempted to collect a consumer debt, from one year before the date of this Complaint to the present, relating to the filing of lawsuits by Med-1 on accounts it did not own or hold an assignment thereon. This action seeks a declaration that Med-1's collection practices described herein violate the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

31. The Plaintiff further brings this action individually and as a class action on behalf of all similarly situated residents of the United States from whom Med-1 attempted to collect a consumer debt, from one year before the date of this Complaint to the present, relating to the attempt to add interest on a consumer debt balance that includes a component of late fees. This action seeks a declaration that the defendants' collection practices described herein violate the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

32. That Med-1 regularly engages in debt collection using the same process of suing consumer debtors in its own name on accounts it does not own and does not hold an assignment thereon, and uses form letters to demand interest on balances that contain a component of late fees.

33.     On information and belief that the proposed Class consists of more than 50 persons from whom Med-1 attempted to collect consumer debts suing consumer debtors in its own name on accounts it does not own and does not hold an assignment thereon.

34.     In addition, on information and belief, the proposed class from whom Med-1 attempted to collect interest on late charges consists of more than 40 persons.

35.     That Plaintiffs claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

36.     That the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Med-1 acted in a manner applicable to the Classes as a whole such that declaratory relief is warranted.

37.     That plaintiff, Beeson, will fairly and adequately protect and represent the interests of the Classes. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Classes because defendants' conduct was perpetrated on all members of the Classes and will be established by common proof. Moreover, Plaintiff, Beeson, has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, William Beeson, prays that the Court:

1. Declare that defendant's debt collection practices violated the FDCPA;

2. Enter judgment in favor of plaintiff Beeson, and against defendant, for actual and statutory damages, costs and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

3. Certify one or more classes of persons who were subject to Med-1's wrongful violations of the FDCPA and award statutory damages to the class, plus costs and reasonable attorneys fees, and enter a finding that the defendant's conduct is in violation of the FDCPA; and

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, William Beeson, demands trial by jury.

William Beeson

Dated: November 17, 2006    By: _/s/ Ronald Heath_
G. Ronald Heath
Attorney No. 7619-49
Hoover Hull LLP
111 Monument Circle, Suite 4400
Indianapolis, IN 46244
Phone: (317) 822-4400

By: _/s/ Glenn S. Vician_
Glenn S. Vician
Attorney No. 954-45
Bowman, Heintz, Boscia & Vician P.C.
8605 Broadway
Merrillville, IN 46410
Phone: (219) 769-6671

7