IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM BEESON,<br>individually and on behalf of all<br>others similarly situated,<br>    Plaintiff,<br><br>vs.<br><br>MED-1 SOLUTIONS, LLC,<br>    Defendant. | ) ) ) ) ) ) ) ) ) ) | Cause No. 1:06-CV-1694<br><br>CLASS ACTION |

## CLASS CERTIFICATION ORDER

This matter comes before the Court on the Motion for Class Certification of Plaintiff, William Beeson and the Court finds that the Defendant, Med-1 Solutions, LLC ("Med-1") has filed a pleading indicating it will not file a response to such Motion for Class Certification. The Court being duly advised in the premises, the Court hereby finds that a class should be certified under F.R.C.P. 23(c) and IT IS HEREBY ORDERED:

1. The Court finds that the plaintiff's Motion for Class Certification meets the prerequisites and standards set out under F.R.C.P. 23(a) and (b), and a class should be certified as follows:

> All natural persons in relation to whom Med-1 took any action by filing suit in Indiana courts, within the one-year period before the filing of the Complaint in the above-referenced case, November 21, 2006, in connection with attempt(s) to collect on non-business debts.

2. The Court hereby finds that William Beeson is an adequate and qualified class representative and hereby appoints Beeson as class representative in this case.

3. F.R.C.P. 23(d) provides that in the conduct of actions to which rule applies, "the Court may make appropriate orders (1) determining the course of proceedings . . . (2) requiring, for the

protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the Court may direct . . . at any step in the action . . . and dealing with procedural matters."

4. The Court agrees with the parties that it would be in the best interest of all parties and the class members for the Court to order that the notice to the class be deferred until after the Court rules upon the pending Motion for Summary Judgment because any notice issued after the Court rules upon such summary judgment will include information to the class members that explains the legal effect of such summary judgment ruling. Further, the relatively short delay in issuing notice to the class will save substantial costs of notice to over 4,400 class members, since notice will not have to be issued twice if such notice is issued after the summary judgment ruling.

5. The Court therefore finds that it is appropriate under F.R.C.P. 23(d) that it order that notice to class members be deferred until such time as the Court rules upon the pending summary judgment motion.

6. The Court appoints Robert E. Stochel and Glenn S. Vician as class counsel in this case, and finds that they have the ability, experience and resources to fairly and adequately represent the interests of the class.

Date: 10/26/2007

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Glenn S. Vician
Bowman, Heintz, Boscia & Vician, P.C.
8605 Broadway
Merrillville, Indiana 46410

Robert E. Stochel
Hoffman & Stochel
One Professional Center  Suite 308
Crown Point, Indiana 46307

Peter Velde, Esq.
Kightlinger & Gray, LLP
Market Square Center
151 Market Street, Suite 600
Indianapolis, IN  46204