UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM BEESON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:06-cv-1694-SEB-JMS |
| vs. | ) | |
| | ) | |
| MED-1 SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### ENTRY ADDRESSING PENDING BRIEF AND MOTION

This cause is before the Court on the Response [Docket No. 96] to Defendant's Motion to Amend Judgment. That Response, filed by Plaintiff on October 15, 2008, also styles itself a Motion to Decertify the Class. In the Response, Plaintiff, William Beeson, argues that the Court should reconsider and set aside its October 8, 2008 Order [Docket No. 94] vacating the judgment. Molding the brief into a motion, Plaintiff also argues that the Court should decertify the class in this case as a matter of judicial economy. For the reasons detailed in this entry, Plaintiff's Brief-*cum*-Motion is DENIED.

### *Factual Background*

Although the general facts underlying this suit are peripheral to the present cause, some procedural background clarifies the nature of this entry. On September 25, 2008, the Court granted summary judgment for Defendant, Med-1 Solutions, LLC. Pursuant to that order [Docket No. 85], the Court entered final judgment in favor of Defendant.

Thereafter, on September 29, 2008, Plaintiff filed a Notice of Appeal [Docket No. 88]. Subsequent to Plaintiff's appeal, on October 7, 2008, Defendant properly and timely made a Motion to Amend the Judgment under Rule 59 of the Federal Rules of Civil Procedure [Docket No. 93]. In that motion, Defendant pointed out that no provision had been made prior to the final judgment for notification of the summary judgment disposition to individual class members. On October 8, 2008, in response to Defendant's Motion to Amend, the Court vacated the final judgment to allow for notification to the class members. In conjunction with Local Rule 7.1(b),[1] the Court did not wait for Plaintiff to respond to Defendant's Motion to Amend the Judgment. The present cause, however, is before the Court on Plaintiff's Response to Defendant's Motion to Amend, and we now consider Plaintiff's Response as a motion to reconsider and set aside our decision to vacate the final judgment. We also address the portion of Plaintiff's Response that amounts to a motion to decertify the class in this case.

## *Legal Analysis*

### *I. Plaintiff's Brief/Motion*

In his Response, Plaintiff argues that, "as a matter of judicial economy," the Court should deny Defendant's Motion to Amend. Pl.'s Response at 1. Plaintiff couples this

---

[1] "A non-dispositive motion or petition requiring the entry of a routine or uncontested order by the Judge or the Clerk may be ruled upon prior to the passing of the standard fifteen (15) day response deadline, unless the motion indicates that the adverse party objects or the Court otherwise has reason to believe a response may be forthcoming." Local Rule 7.1(b).

argument with an assertion that the Court may then "simply decertify the Class in this case." Id. The initial error in Plaintiff's submission is that it seeks to convert a responsive brief into a motion to decertify the class. This is an impermissible move. Under Local Rule 7.1(a), "A new motion shall not be incorporated within a brief, response or reply to a previously filed motion, nor shall a brief, response, or reply be contained within any motion." Therefore, Plaintiff's argument is procedurally barred.

Assuming *arguendo* that it is not barred, however, it is also substantively unavailing. The entirety of Plaintiff's argument is that the "judicially economical" thing to do is to deny Defendant's Motion to Amend and decertify the class, at which point Plaintiff would continue his appeal. We do not agree that this would be a more economical use of judicial resources, and we find more generally that it would be improper to decertify the class at this point, for the following reasons:

First, as to judicial economy, Plaintiff's argument is unconvincing. It is in fact more consistent and more efficient to notify the class and enter final judgment as outlined in our previous order because, were we to decertify the class now, we would be required to notify the class of that measure, on top of providing notification about any and all further developments in the case (for instance, another class certification may be necessary on remand if Plaintiff wins his appeal). Therefore, Plaintiff's proposal is not more, and likely less, efficient than the course set out in the Court's Order of October 8, 2008.

Second, Plaintiff's argument fails because it rests on none of the proper bases for a class decertification. He does not argue that the class was improperly certified in the first

instance, nor that subsequent discovery has shown that the factors of Federal Rule of Civil Procedure 23 (numerosity, common questions of law and fact, typicality, and adequate representation) are no longer satisfied. To convince the Court of the need for decertification, Plaintiff's argument would have to rely on one or both of these arguments. See Clarke ex. Rel. Pickard v. Ford Motor Co., 228 F.R.D. 631, 633 (E.D. Wis. 2005). Because there is no basis for either argument, it is not only more expedient but also proper to follow the course set out in our previous order, by providing notice to the class and then entering final judgment in accordance with our grant of summary judgment in Defendant's favor.

## II. *The Status of Plaintiff's Appeal*

Because Plaintiff appealed the original, imperfect final judgment prior to Defendant's Motion to Amend, it is necessary to resolve the seemingly nettlesome issue of whether this case is properly within our jurisdiction or whether it reposes with the Court of Appeals at this juncture. Fortunately, the Supreme Court has provided a rule that prunes all of the thorns from this issue. In Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982), the Supreme Court held that the filing of a motion to alter or amend a judgment in district court under Rule 59 results in the destruction of a previously filed notice of appeal. Griggs, 459 U.S. at 61. Under the rule of Griggs, Plaintiff's appeal is "destroyed" as a consequence of Defendant's timely Motion to Amend.[2] Moreover,

---

[2] Defendant's Motion to Amend was filed within the ten-day time limit imposed by the
(continued...)

because we shall not alter our decision to vacate the final judgment, Plaintiff's current appeal rests on no final judgment, and therefore may not properly be maintained. Therefore, Plaintiff must appeal, if he intends to do so, only after proper notice is given to individual class members and a subsequent final judgment is entered.

We note finally that it would be inappropriate to grant Plaintiff's request to shift the cost of such notice to Defendant. The cost of notice to individual class members must be borne by the class representative. A court may only shift that cost to the defendant in the case of an "exceptional circumstance" or in the event that the plaintiff has demonstrated success on the merits. Eisen v. Carlisle and Jacquelin, 417 U.S. 156 (1974). Neither option applies here, so Plaintiff must bear the cost of providing notice to the class.

### *III. Conclusion*

Having considered Plaintiff's arguments, we find them unavailing. No alteration to our Order of October 8, 2008 [Docket No. 94] is required. Plaintiff's Response, which we treat as a Motion to Reconsider and a Motion to Decertify the Class, is accordingly DENIED.

Date: __10/24/2008__

_[signature]_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[2](...continued)
Local Rules.

Copies to:

Eric D. Johnson
Kightlinger & Gray
ejohnson@k-glaw.com

Nicholas Ward Levi
KIGHTLINGER & GRAY
nlevi@k-glaw.com

Robert E. Stochel
HOFFMAN & STOCHEL
res@reslaw.org

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com

Glenn S. Vician
BOWMAN, HEINTZ, BOSCIA & VICIAN
bhbv2@netnitco.net