UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

WILLIAM BEESON,                          )
                                         )
            Plaintiff,                   )
                                         )            1:06-cv-1694-SEB-JMS
      vs.                                )
                                         )
MED-1 SOLUTIONS, LLC,                    )
                                         )
            Defendant.                   )


**ENTRY DENYING PLAINTIFF'S MOTION TO DECERTIFY CLASS**


This cause is before the Court on the Motion to Decertify the Class [Docket No.

100], filed by Plaintiff, William Beeson, on November 3, 2008.  This is Beeson's second

Motion to Decertify the Class filed with the Court in less than a month, and it advances

the same arguments proffered in his previous motion [Docket No. 96].  For the reasons

detailed in this entry, Plaintiff's Motion is again <u>DENIED</u>.


*<u>Analysis</u>*

The procedural facts set forth here mirror those in the Court's Entry [Docket No.

99] of October 24, 2008; the developments since that date are recounted as well.  On

September 25, 2008, the Court granted summary judgment for Defendant, Med-1

Solutions, LLC and entered final judgment accordingly.  Thereafter, on September 29,

2008, Plaintiff filed a Notice of Appeal [Docket No. 88].  Subsequent to the filing of

Plaintiff's appeal, on October 7, 2008, Defendant timely filed a Motion to Amend the

Judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure [Docket No. 93].

In that motion, Defendant noted that no provision had been made for notification of the

summary judgment disposition to individual class members.  Accordingly, on October 8,

2008, the Court vacated the previously entered final judgment to allow for notification to

the class members.  Consistent with Local Rule 7.1(b),[1] the Court did not require Plaintiff

to respond to Defendant's Motion to Amend the Judgment before granting the requested

entry.

A week later, on October 15, 2008, Plaintiff filed a Response to Defendant's

Motion to Amend, which we treated as a motion to reconsider and to set aside our

decision to vacate the final judgment.  We also addressed the portion of Plaintiff's

response that amounted to a motion to decertify the class in this case.  On October 24,

2008, the Court denied Plaintiff's Brief/Motion.[2]  In particular as the Motion related to

class decertification, the Court's entry discussed several reasons which it credited in favor

of denial.  First, we concluded that Plaintiff's motion was procedurally defective, in that

---

[1]"A non-dispositive motion or petition requiring the entry of a routine or uncontested order by the Judge or the Clerk may be ruled upon prior to the passing of the standard fifteen (15) day response deadline, unless the motion indicates that the adverse party objects or the Court otherwise has reason to believe a response may be forthcoming."  Local Rule 7.1(b).  We follow this rule again here in conjunction with this order, denying the motion without any need for Defendant's response.

[2]Plaintiff incorrectly states that the "Court entered a further Order that set aside the trial court decision to vacate the final judgment," referring to our Entry of October 24.  The Court did not set aside its decision to vacate the final judgment, but rather stood by that decision entirely. See Order of 10/24/2008.

he attempted to convert a responsive brief into a motion. Apparently, Beeson believes that this procedural defect was the only basis for our ruling, because, in this second motion, he attempts to remedy that defect. To the contrary, however, we did substantively address the first motion to decertify, reasoning that: (1) decertifying the class is not the "judicially economical" course to take at this point; and (2) Beeson could not show that the class was improperly certified in the first instance, nor that subsequent discovery had shown that the factors of Federal Rule of Civil Procedure 23 (numerosity, common questions of law and fact, typicality, and adequate representation) were no longer satisfied. Order of 10/24/2008 at 3-4. On that basis, we denied the motion to decertify the class.

In ruling on this second motion by Beeson, we stand by the reasoning and judgments in our previous entry. Beeson submits no new argument(s) in his current motion beyond emphasizing the Court's "discretion" to decertify the class (his other arguments are identical and merely repetitive of issues we have already addressed). No rationale convinces us to exercise our discretion to alter our prior decision, which fully dealt with his arguments. Moreover, the disposition he seeks here is likely barred by collateral estoppel, although a discussion of that principle is unnecessary, given the wholly unconvincing substantive arguments he advances.

Beeson originally sought class certification in this case; curiously, the gist of his current argument is that no such class exists. Clearly, he cannot have it both ways, and he certainly cannot be encouraged or permitted to file virtually the same motion again,

hoping for a different outcome, simply because he disagrees with the previous

disposition.  Whatever error he assigns or relief he seeks after we have ruled must be

pursued on appeal, and the time for such an appeal will occur only after the class is

notified of the Court's previously entered summary judgment decision.

Beeson's current Motion also makes clear that he misunderstands the status of his

appeal.[3]  The Court's explanation of this status in the previous order is repeated here in

full:

> Because Plaintiff appealed the original, imperfect final judgment prior
> to Defendant's Motion to Amend, it is necessary to resolve the seemingly
> nettlesome issue of whether this case is properly within our jurisdiction or
> whether it reposes with the Court of Appeals at this juncture.  Fortunately, the
> Supreme Court has provided a rule that prunes all of the thorns from this issue.
> In Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982), the
> Supreme Court held that the filing of a motion to alter or amend a judgment in
> district court under Rule 59 results in the destruction of a previously filed
> notice of appeal.  Griggs, 459 U.S. at 61.  Under the rule of Griggs, Plaintiff's
> appeal is "destroyed" as a consequence of Defendant's timely Motion to
> Amend.  Moreover, because we shall not alter our decision to vacate the final
> judgment, Plaintiff's current appeal rests on no final judgment, and therefore
> may not properly be maintained.  Therefore, Plaintiff must appeal, if he intends
> to do so, only after proper notice is given to individual class members and a
> subsequent final judgment is entered.

Order of 10/24/2008 at 4-5.

We reiterate and affirm this analysis in its entirety.

_____

[3]One of the reasons Beeson advances in favor of decertification is that his "appeal could
create confusion with class members."  Pl.'s Br. in Supp. at 4.  By this, we assume he means that
notice of a grant of summary judgment against the class, followed by an appeal, could be
confusing.  This was an argument he proffered in his previous Brief/Motion, which we found
unavailing; it is equally unavailing here.  Furthermore, it evinces his mistaken belief that the case
is pending on appeal.  It is not, as we have explained above.

Given the repetitive nature of Plaintiff's second Motion, we must conclude that his attorneys misread (or misunderstood) the Court's Order of October 24, 2008, or that, in the face of an obvious denial, they decided to re-file their motion, perhaps to demonstrate their continued disagreement with out ruling. Either way, the motion fails to convince us to depart from our prior ruling, made only a week ago, which addresses and resolves the exact same issues.

### *Conclusion*

Having considered Plaintiff's second Motion to Decertify the class, there being no reason to revise, amend or rescind our ruling, Plaintiff's Motion is (again) <u>DENIED</u>.

Date: __11/06/2008_____

_Sarah Evans Barker_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Eric D. Johnson
KIGHTLINGER & GRAY
ejohnson@k-glaw.com

Nicholas Ward Levi
KIGHTLINGER & GRAY
nlevi@k-glaw.com

Robert E. Stochel
HOFFMAN & STOCHEL
res@reslaw.org

5

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com

Glenn S. Vician
BOWMAN, HEINTZ, BOSCIA & VICIAN
bhbv2@netnitco.net