UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM BEESON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:06-cv-1694-SEB-JMS |
| vs. | ) | |
| | ) | |
| MED-1 SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL**

This cause is before the Court on the Motion to Certify Order for Interlocutory Appeal [Docket No. 104], filed by Plaintiff, William Beeson, on November 17, 2008; and the Motion to Stay Pending Resolution of Request for Interlocutory Appeal [Docket No. 106], also filed by Plaintiff on November 17, 2008. In his motion to certify, Plaintiff requests that the Court certify for interlocutory appeal its Order [Docket No. 85] of September 25, 2008, in which Plaintiff's Motion for Partial Summary Judgment was denied and Defendant's Cross-Motion for Summary Judgment was granted. For the reasons detailed in this entry, Plaintiff's Motion to Certify is DENIED, but his Motion to Stay is GRANTED, and a stay shall be imposed pending resolution of Plaintiff's petition for permission to appeal the Court's denial of class decertification.

A district court's duty and ability to certify an order for interlocutory appeal are derived from 28 U.S.C. §1292:

When a district judge, in making in a civil action an order not otherwise

>  appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order.

28 U.S.C. §1292(b).  Moreover, Rule 5 of the Rules of Appellate Procedure states,

>  If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement.

Rule of App. Proc. 5(a)(3).

Section 1292(b) provides four statutory criteria that guide the district court's certification decision: "(1) there must be a question of *law*; (2) it must be *controlling*; (3) it must be *contestable*; and (4) its resolution must promise to *speed up* the litigation." Ahrenholz v. Bd. of Trustees of Univ. of Ill., 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original).  In addition, and of significance to the case at bar, the Ahrenholz court stated that "to decide whether summary judgment was properly granted requires hunting through the record compiled in the summary judgment proceeding to see whether there may be a genuine issue of material fact lurking there."  Id. at 676.  In other words, a factual summary judgment determination is not the sort of "abstract legal issue" (or "question of *law*") suited to interlocutory appeal.  Id.  Under the holding in Ahrenholz, Plaintiff's motion to certify our order granting summary judgment for interlocutory appeal must be denied.

Plaintiff has also requested that further proceedings in this Court be stayed pending resolution of the requested interlocutory appeal.  Because Plaintiff's current interlocutory

appeal request is denied, a stay for that reason is not necessary. However, on November 18, 2008, Plaintiff filed a petition in the Seventh Circuit for permission to appeal the Court's Order [Docket No. 102] of November 6, 2008, denying Plaintiff's motion to decertify the class [Docket No. 100]. The next step in this litigation in our Court is to have an approved notice to the class be distributed. The execution of that step - including appproving the contents of the notice and resolving the question of whether notice will be necessary - depends on the outcome of Plaintiff's petition for permission to appeal.[1] Therefore, we shall stay all further proceedings pending resolution of the petition pending before the Seventh Circuit and, if granted by that Court, the resultant appeal.

*Conclusion*

Having considered both parties' arguments, we conclude that our grant of summary judgment in favor of Defendant is not the sort of abstract legal issue suited for interlocutory appeal. However, a stay is necessary given Plaintiff's petition to the Seventh Circuit for permission to appeal the Court's order denying class decertification. Accordingly, Plaintiff's Motion to Certify is <u>DENIED</u>, but the Motion to Stay is <u>GRANTED</u>, and a stay is imposed pending resolution of Plaintiff's petition for permission to appeal.

---

[1] Also pending before the Court is Defendant's Motion for Sanctions [Docket No. 112], filed on January 7, 2009. The issues contained in that motion also depend on the resolution of Plaintiff's petition for permission to appeal the Order denying class decertification. Thus, decision on that motion, as well as Plaintiff's Motion to Submit Proposed Class Notice [Docket No. 103], shall be postponed pending the petition for permission to appeal.

Date: __01/09/2009_____



SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Eric D. Johnson
Kightlinger & Gray
ejohnson@k-glaw.com

Nicholas Ward Levi
KIGHTLINGER & GRAY
nlevi@k-glaw.com

Robert E. Stochel
HOFFMAN & STOCHEL
res@reslaw.org

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com

Glenn S. Vician
BOWMAN, HEINTZ, BOSCIA & VICIAN
bhbv2@netnitco.net