UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM BEESON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:06-cv-1694-SEB-JMS |
| vs. | ) | |
| | ) | |
| MED-1 SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DECERTIFYING CLASS**

This matter is before the Court on the following motions: Plaintiff William Beeson's Motion to Submit Proposed Class Notice [Docket No. 103], filed on November 17, 2008; Defendant Med-1 Solutions LLC's Motion for Sanctions [Docket No. 112], filed on January 7, 2009; Defendant's Motion to Lift Stay [Docket No. 115], filed on March 16, 2009; Plaintiff's Motion Regarding Lack of Subject Matter Jurisdiction [Docket No. 118], filed on March 25, 2009; and Plaintiff's Motion for Extension of Time [Docket No. 120], filed on April 17, 2009.

For the reasons detailed below, the Plaintiff Class previously certified is now hereby DECERTIFIED; Plaintiff's Motion to Submit is DENIED as moot; Defendant's Motion for Sanctions is DENIED; Defendant's Motion to Lift Stay is GRANTED;[1] Plaintiff's Motion Regarding Lack of Subject Matter Jurisdiction is DENIED; and

[1]Given the current procedural posture of the case, a lift of the Court's stay of further proceedings is warranted. Accordingly, Defendant's Motion to Lift Stay is granted.

Plaintiff's Motion for Extension of Time is DENIED.

## ***Factual Background***

The case before us has been brought pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 USC §§1692 *et seq*. Over the more than three years it has pended on our docket, it has developed an unusual and somewhat tortuous procedural history. Its current status is, to put it simply, both confused and confusing. We seek here finally to unravel the "knots" that have resulted over the course of this litigation. On October 26, 2007, we certified the following plaintiff class:

> All natural persons in relation to whom Med-1 took any action by filing suit in Indiana courts, within the one-year period before the filing of the Complaint in the above-referenced case, November 21, 2006, in connection with attempt(s) to collect on non-business debts.

Class Certification Order [Docket No. 60] at 1. Pursuant to the express, stipulated request of both Plaintiff and Defendant, the Court deferred issuance of a notice to the class until the then-pending motion for summary judgment was ruled upon. See id. at 2.

On September 25, 2008, the Court entered summary judgment in favor of Defendant and against Plaintiff, which generated an unintended and otherwise unforeseen procedural conundrum for the parties: the certified class had lost on the merits of this action, but none of the class members had received an opportunity to know that their interests were being adjudicated and/or to opt out of the class. See Murray v. GMAC Mortg. Corp., 434 F.3d 948, 953 (7th Cir. 2006).

Recognizing that this result was at best problematic, Plaintiff moved to decertify the class. However, his rationale for doing so – that decertification would be the "judicially economical" route, sparing the Court and the parties the costs of notice – was unconvincing, given that the plaintiffs' predicament was of its own making. Accordingly, we denied the motion to decertify the class. Order of October 24, 2008 [Docket No. 99] at 3.

Plaintiff Beeson next sought appellate review of our denial of the motion to decertify the class with the Seventh Circuit, but on February 25, 2009, the appellate court determined that it lacked jurisdiction for lack of a final judgment and because the challenged order was untimely under Rule 23(f) and dismissed the appeal. See Mandate issued on March 19, 2009 [Docket No. 116].

The status of the case since its remand to us by the Seventh Circuit has not substantially changed. A large un-notified class of plaintiffs lost their putative claims on summary judgment. The array of motions presently before the Court are tangential to the class notice and certification issues. As detailed below, in the interest of fairness, we have determined that the Plaintiff Class must be decertified and the summary ruling applied only to foreclose Plaintiff Beeson's claims.

## ***Legal Analysis***

Throughout litigation proceedings, a court generally retains the power to decertify a class. See Sperry Rand Corp. v. Larson, 554 F.2d 868 (8th Cir. 1977). This power, like

all of the court's powers and responsibilities related to the management of class action procedures, is derived from the "court's role as protector of class interests under Federal Rule of Civil Procedure 23(e)." In re Diet Drugs Products Liability litig., 401 F.3d 143 (3d Cir. 2005); see also In re Cendant Corp. Securities Litig., 404 F.3d 173, 187 (3d Cir. 2005) (noting the "important role of protector" assumed by the Court in class actions).

Although there is no specific motion before us seeking decertification of the Class, our review of the procedural history of this case leading up to its current status suggests that decertification is warranted. Certification seemed appropriate under Rule 23 standards when originally ordered by the Court at the behest of the parties. In retrospect, it is clear that postponing notice, again in accordance with the parties' wishes, was imprudently allowed. Defendant's argument that it "has a right to see this court's order . . . expanded to include all class members who decline to opt-out," (Motion [Docket No. 112] at 8), may have merit in a normal class action where the class members received timely notice, but it would be unfair the Class here to extend the effect of our ruling which, no doubt, would come as quite a surprise to them at this late date. The class members have been excluded from any meaningful opportunity to decide whether or not to participate in the litigation. We can't imagine that any putative class member would choose to opt in to a case that has already been determined to lack legal merit and been dismissed.

In accordance with the Court's "responsibility to act as the protector of the interests of absentee class members," we shall therefore decertify the Plaintiff Class in the

interest of justice. In re General Motors Corp. Engine Interchange Litig., 594 F.2d 1106 (7th Cir. 1979); see also Thomas v. Speedway Superamerica, LLC, 506 F.3d 496, 501 (6th Cir. 2007).

## *I. Defendant's Motion for Sanctions*

Defendant seeks sanctions under Federal Rule of Civil Procedure 11, contending that Plaintiff has engaged in frivolous argumentation before the Court. According to Defendant, numerous of Plaintiff's prior motions violated Rule 11 because they were not based on sound legal principles and reflected ill-conceived arguments. Defendant asserts that Plaintiff's motions in their entirety have been nothing more than a "desperate attempt to avoid his counsel's obligation to fund notice to the class." Motion [Docket No. 112] at 8.

A party may be found in violation of Rule 11 when its legal position in the litigation is "not well-grounded in fact and is not warranted by existing law." Cuna Mutual Ins. Society v. Office and Professional Employees International Union Local 39, 443 F.3d 556, 560 (7th Cir. 2006). In ruling on a motion for sanctions under Rule 11, a court must "undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless." Id. Such an objective inquiry does not cause the Court to conclude in this instance that Plaintiff's motions were entirely groundless and unfounded. Although certain of Plaintiff's strategies and arguments in the lawsuit were clearly inconsistent with one another, they appear to have been the result of

Plaintiff's efforts to resolve with a minimum financial commitment the complicated procedural issues implicit in Rule 23 F.R.Civ.P. Class certifications. We shall not penalize Plaintiff's counsel for what amounts to nothing more than his misguided tactical judgments and his inartful strategizing. Accordingly, Defendant's Motion for Sanctions shall be denied.

***II. Plaintiff's Motion to Submit Proposed Class Notice***

Having concluded that the Class must be decertified, Plaintiff's Motion to Submit Proposed Class Notice is moot and therefore shall be denied.

***III. Plaintiff's Motion Regarding Lack of Subject Matter Jurisdiction***

Plaintiff has moved to reconsider our prior rulings on subject matter jurisdiction, contending that a recent Seventh Circuit decision requires redefinition of the Class to exclude certain class members. This Motion, too, is now moot and shall be denied as such.

***IV. Conclusion***

The Court has determined, in the interest of fairness to the absentee putative class members, that the Class previously certified must be and is now hereby DECERTIFIED. For the reasons detailed above, Defendant's Motion to Lift Stay is GRANTED; Defendant's Motion for Sanctions is DENIED; Plaintiff's Motion to Submit is DENIED

as Moot; Plaintiff's Motion Regarding Lack of Subject Matter Jurisdiction is DENIED as Moot; and Plaintiff's Motion for Extension of Time is DENIED.

The Court's September 25, 2008, Order granting Summary Judgment in favor Defendant and against Plaintiff stands. Final judgment shall now issue in accordance with that ruling.

IT IS SO ORDERED.

Date: 09/29/2009

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Eric D. Johnson
Kightlinger & Gray
ejohnson@k-glaw.com

Nicholas Ward Levi
KIGHTLINGER & GRAY
nlevi@k-glaw.com

Robert E. Stochel
HOFFMAN & STOCHEL
res@reslaw.org

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com

Glenn S. Vician
BOWMAN, HEINTZ, BOSCIA & VICIAN
glennsvician2@bhbvonline.com